

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
GARY BINKIEWICZ,                                              :   __ Civ. ____
                                                              :
                        Plaintiff,                            :   **COMPLAINT**
                                                              :   **WITH JURY DEMAND**
        -against-                                             :
                                                              :
FSI CAPITAL HOLDINGS, LLC,                                    :
                                                              :
                        Defendant.                            :
                                                              :
                                                              :
                                                              :
-------------------------------------------------------------- X

        Plaintiff Gary Binkiewicz, by his attorneys, Liddle & Robinson, L.L.P., alleges for his Complaint as follows:

### THE NATURE OF THE ACTION

        1.      This is a civil action for damages and remedies for breach of contract and violation of the New York Labor Law.

### THE PARTIES

        2.      Plaintiff, Gary Binkiewicz, is an individual currently residing at 2108 Gallagher Avenue, Scotch Plains, New Jersey, 07076.

        3.      Defendant FSI Capital Holdings, LLC ("FSI") is a limited liability company. On information and belief, its members are not citizens of New Jersey. FSI's principal place of business is located at 150 East 52nd Street, Sixth Floor, New York, New York 10022.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of New York.

## FACTS

6. Mr. Binkiewicz was a Managing Director of FSI beginning on January 24, 2007 until December 17, 2007, when FSI terminated his employment without cause. He was employed in the municipal securities area as Head of Tax Exempt Research.

7. In January 2007, Mr. Binkiewicz began negotiating an employment contract with Steve Kuppenheimer, FSI's CEO.

8. During negotiations, Mr. Binkiewicz specifically discussed with Mr. Kuppenheimer the provision in his proposed contract regarding payment in the event that he is terminated without cause. Mr. Binkiewicz and Mr. Kuppenheimer discussed and agreed upon a two-year deal, under which his salary for the two years would be $200,000 per year and his bonus for the two years would be a guaranteed minimum of $200,000 for 2007 and $200,000 for 2008. They also agreed to include a clause specifying that Mr. Binkiewicz would be paid the rest of his 2007 salary and bonus and his 2008 salary and bonus if his employment were terminated without cause.

9. On or about January 24, 2007, Mr. Binkiewicz met with Mr. Kuppenheimer to sign the finalized version of the employment contract (attached as <u>Exhibit A</u>). The contract, in pertinent part, states the following:

> Bonuses are paid in December of each year to persons employed by the firm at that time. Your bonus for 2007 will be a guaranteed minimum of $200,000 and your bonus for 2008 will be a guaranteed minimum of $200,000.... Notwithstanding the foregoing, in the event that your employment with the Company is terminated without Cause by the Company or you resign for Good Reason prior to the payment to you of your bonus for 2008, then the Company shall pay you, in a lump sum within 30 days of your termination or resignation, any unpaid base salary and any unpaid portion of your 2007 and 2008 guaranteed minimum bonuses.

10. Just before he signed the employment contract, Mr. Binkiewicz reconfirmed with Mr. Kuppenheimer his understanding from their prior discussion of the meaning of the provision (quoted above) regarding payment in the event of the termination of his employment without cause. Mr. Kuppenheimer again agreed with Mr. Binkiewicz that the provision was intended to provide him with both his 2007 salary and bonus and his 2008 salary and bonus in the event that FSI terminated Mr. Binkiewicz's employment without cause. In reliance on this statement, Mr. Binkiewicz then signed the employment contract.

11. On December 17, 2007, FSI terminated Mr. Binkiewicz's employment without cause, as defined by the contract. FSI conceded that Mr. Binkiewicz's employment was terminated without cause. FSI had paid Mr. Binkiewicz his 2007 bonus just a few days prior to terminating his employment without cause. After terminating Mr. Binkiewicz's employment, FSI paid him his 2008 bonus as well pursuant to his contract. FSI refused, however, to pay Mr. Binkiewicz his salary for 2008 and, on information and belief, did not pay him his salary for the remainder of December 2007.

12. Thus, although the contract required FSI to pay Mr. Binkiewicz the remainder of his 2007 salary and bonus, as well as his 2008 salary and bonus, FSI only paid him his 2007 salary through his termination date and his bonuses for 2007 and 2008, but failed to pay him the rest of his December 2007 salary and his 2008 salary.

## MR. BINKIEWICZ'S CLAIMS

### FIRST CLAIM
(Breach of Contract)

13. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12, as if separately set forth herein.

14. Mr. Binkiewicz's January 24, 2007 employment contract with FSI (attached as Exhibit A) includes a provision that if FSI terminated his employment without cause before the payment of his 2008 bonus, FSI would pay him, in a lump sum within 30 days of his termination (which was January 16, 2008), "any unpaid base salary and any unpaid portion of his 2007 and 2008 guaranteed minimum bonuses."

15. By failing to pay Mr. Binkiewicz the rest of his December 2007 salary and his 2008 salary, FSI breached Mr. Binkiewicz's contract.

16. As a result of the actions of FSI, Plaintiff has suffered damages in the amount of his unpaid salary for the portion of December 2007 after the termination of his employment and $200,000.00 -- the amount he would have received as his 2008 salary -- plus 9% pre-judgment interest and costs.

## SECOND CLAIM
(Violation of the New York Labor Law §§ 193, 198)

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16, as if separately set forth herein.

18. Plaintiff was an "employee" of FSI under §190(2) of the New York Labor Law.

19. FSI was Plaintiff's "employer" under §190(3) of the New York labor Law.

20. FSI's failure to pay Plaintiff his salary for the portion of December 2007 after the termination of his employment and his 2008 salary constitutes unlawful withholding of wages in violation of §193 of the New York Labor Law.

21. On information and belief, FSI's violation of §193 was willful, entitling Plaintiff to liquidated damages of an additional 25% of the amount of unpaid wages under §198 of the New York Labor Law.

22. By reason of the foregoing, FSI is liable to Plaintiff for unpaid wages, liquidated damages, attorneys' fees and costs under §198 of the New York Labor Law and pre-judgment interest and costs.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. On the First Claim against Defendant FSI, damages in the amount of Plaintiff's unpaid salary for the portion of December 2007 after the termination of his employment plus $200,000.00, plus 9 % pre-judgment interest and costs;

B. On the Second Claim against Defendant FSI, damages in the amount of Plaintiff's unpaid salary for the portion of December 2007 after the termination

of his employment plus $200,000, liquidated damages in the amount of 25% of the amount of unpaid wages, attorneys' fees, costs and pre-judgment interest, in amounts as yet undetermined; and

      C.    Such other and further relief as the Court deems appropriate under the circumstances.

Dated: New York, New York
       April 28, 2008

                   LIDDLE & ROBINSON, L.L.P.

                   By: _____
                   Jeffrey L. Liddle
                   James A. Batson
                   Attorneys for Plaintiff
                   800 Third Avenue
                   New York, New York 10022
                   Telephone: (212) 687-8500
                   Facsimile: (212) 687-1505
                   E-mail: jliddle@liddlerobinson.com
                   jbatson@liddlerobinson.com